UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHESTER BRADDY, | Case No. 1:13CV1464 |
| Petitioner, | JUDGE JACK ZOUHARY |
| v. | Magistrate Judge George J. Limbert |
| JASON BUNTING, WARDEN, | **Report and Recommendation of Magistrate Judge** |
| Respondent. | |

On July 1, 2013[1], Petitioner Chester Braddy ("Petitioner"), acting *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. ECF Dkt. #1. Petitioner seeks relief for alleged constitutional violations that occurred during his limited resentencing hearing on the issue of post-release control in the Cuyahoga County, Ohio Court of Common Pleas, following his conviction on three counts of rape in violation of Ohio Revised Code ("ORC") §2907.02, with a victim under the age of thirteen, felonies of the first degree; twenty counts of gross sexual imposition in violation of ORC §2907.05, felonies of the third degree; twenty-five counts of rape in violation of ORC 2907.02, felonies of the first degree; and one count of endangering children in violation of ORC 2919.22, a misdemeanor of the first degree. On October 23, 2013, Respondent Jason Bunting, Warden of Marion Correctional Institution filed an answer/return of writ. ECF Dkt. #5. Petitioner filed a traverse on November 15, 2013. ECF Dkt. ##6, 7 (two copies were filed).

Also before the undersigned is Petitioner's motion for oral evidentiary hearing, motion to grant writ, and/or motion to remand to state court filed on November 15, 2013. ECF Dkt. #7. No response was filed. On March 7, 2014, Petitioner filed a supplemental evidentiary submission. ECF Dkt. #8. On March 26, 2014, Petitioner filed an addendum. ECF Dkt. #9.

---

[1]The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court. *Houston v. Lack*, 487 U.S. 266, 270-72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

For the following reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition in its entirety with prejudice and DISMISS the motion for oral evidentiary hearing, motion to grant writ, and/or motion to remand to state court as MOOT:

## I. SYNOPSIS OF THE FACTS

The Eighth District Court of Appeals of Ohio set forth the relevant facts on direct appeal. *State v. Braddy*, 2012 WL 4848992 (8th Dist.). These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 119 S.Ct. 2403 (1999):

> {¶ 2} On July 31, 2003, a jury convicted Braddy of multiple counts of rape and gross sexual imposition, as well as one count of endangering children. The trial court imposed an aggregate prison sentence of 20 years to life. After a House Bill 180 hearing, Braddy was classified as a sexual predator. Braddy appealed his convictions, which we affirmed in a decision dated June 17, 2004. *State v. Braddy*, 8th Dist. No. 83462, 2004-Ohio-3128.
>
> {¶ 3} On October 14, 2011, Braddy filed a motion, pro se, seeking a de novo sentencing hearing on the grounds that postrelease control had not been properly imposed. Braddy also argued that his original sentence was not a final appealable order.
>
> {¶ 4} On November 28, 2011, the trial court convened a hearing that was limited to the proper imposition of postrelease control. The trial court appointed counsel to represent Braddy, who consented to an appearance *via* video satellite. After finding that Braddy's original sentence was a final appealable order, the trial court proceeded to properly impose postrelease control.

*Id.* at *1.

## II. PROCEDURAL HISTORY

### A. State Trial Court

Petitioner was indicted by the January 2002 Term of the Cuyahoga County Grand jury on three counts of rape against a child under the age of thirteen in violation of ORC Section 2907.02, twenty counts of gross sexual imposition against a child under the age of thirteen in violation of Ohio Revised Code Section 2907.05, twenty-five counts of rape in violation of Ohio Revised Code Section 2907.02, and seven counts of endangering children in violation of Ohio Revised Code Section 2919.22. ECF Dkt. #5-1.

Petitioner entered a plea of not guilty and the case was tried to a jury. Petitioner was found guilty of three counts of rape of a victim under the age of thirteen, twenty counts of gross sexual imposition, twenty-five counts of rape, and one count of child endangerment. On August 26, 2003, Petitioner was sentenced to ten years to life on each of the rape of a victim under the age of thirteen years convictions to run concurrently, three years on each of the gross sexual imposition convictions to run concurrently but consecutively to the sentences for the rape charges in the first three counts, seven years on each of the rape convictions to run concurrently but consecutively to the sentences for the rape charges in the first three counts and the gross imposition charges in the fourth through twenty-third counts, and six months on the endangering children conviction to run concurrently with all other counts. ECF Dkt. #5-2.

### B. Direct Appeal

On September 16, 2003, Petitioner, through new counsel, filed a direct appeal in the Eighth District Court of Appeals that raised the following assignments of error:

> 1. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29 OF THE OHIO RULES OF CRIMINAL PROCEDURE.
>
> 2. APPELLANT'S CONVICTION ON COUNTS 1, 2 AND 3 OF THE INDICTMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
>
> 3. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT INSTRUCTED THE JURY IT IS NOT NECESSARY THAT THE OFFENCES WERE COMMITTED ON THE EXACT DAY AS CHARGED IN THE INDICTMENT AND THAT IT IS SUFFICIENT TO PROVE THAT THE OFFENSES TOOK PLACE ON A DATE REASONABLY NEAR THE DATE CLAIMED.
>
> 4. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT INSTRUCTED THE JURY THAT IT COULD CONVICT APPELLANT ON COUNTS 1,2, AND 3 OF THE INDICTMENT IF IT FOUND BEYOND A REASONABLE DOUBT THAT ON OR ABOUT THE 2ND DAY OF FEBRUARY 1998 THROUGH THE 18TH DAY OF NOVEMBER 1999 THAT THE DEFENDANT ENGAGED IN SEXUAL CONDUCT WITH THE VICTIM BY PURPOSELY COMPELLING HER TO SUBMIT BY THE USE OF FORCE OR THREAT OF FORCE, VICTIM BEING UNDER THE AGE OF THIRTEEN YEARS BECAUSE THE VICTIM WOULD BE THIRTEEN YEARS OF AGE ON NOVEMBER 18, 1999 AND THEREFORE WOULD NOT BE LESS THAN THIRTEEN YEARS OF AGE AS STRICTLY REQUIRED BY OHIO REVISED CODE 2907.02(A)(1)(B).
>
> 5. APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW AND THE TRIAL COURT ABUSED ITS DISCRETION WHEN THE TRIAL COURT REFUSED HIS REQUEST FOR A CONTINUANCE

TO SECURE THE APPEARANCE OF WITNESSES VICKY LYNN WEBB AND JAMES MARION WEBB.

6. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL AS THE COUNT FORTY-NINE OF THE INDICTMENT.

ECF Dkt. #5-5. On June 28, 2004, the Court of Appeals affirmed the trial court's judgment. ECF Dkt. #5-7.

### C.    Supreme Court of Ohio

Petitioner did not timely appeal the denial of his direct appeal to the Ohio Supreme Court. Nearly one year subsequent to the denial of his direct appeal, on May 16, 2005, Petitioner filed a *pro se* notice of appeal and a motion for delayed appeal in the Ohio Supreme Court. ECF Dkt. #5-10. On July 13, 2005, the Ohio Supreme Court denied the motion for delayed appeal. ECF Dkt. #5-11.

### D.    Untimely Application to Reopen

On October 18, 2004, Petitioner filed an untimely application for reopening ("*Murnahan*[2] application") pursuant to Ohio Appellate Rule 26(B) in the Eighth District Court of Appeals. In his *Murnahan* application, Braddy argued that appellate counsel was ineffective for failing to assert the following assignments of error of direct appeal:

1. COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE MATERIAL ISSUES BY FAILING TO CALL CERTAIN WITNESSES.

2. TRIAL COUNSEL FAILED TO ADEQUATELY IMPEACH APPELLANT'S ACCUSER.

3. TRIAL COUNSEL RAISED HIS OWN INEFFECTIVENESS DURING DEFENSE'S CLOSING ARGUMENTS WITH REGARDS TO THE FAILURE OF INTERVIEWING POTENTIAL WITNESSES AND NEIGHBORS.

4. THE TRIAL COURT ABUSED ITS DISCRETION BY FORCING COUNSEL TO CONTINUE THEIR REPRESENTATION DESPITE A CONFLICT.

ECF Dkt. #5-12. The State filed a response. ECF Dkt. #5-13. On January 21, 2005, the Court of Appeals denied the *Murnahan* application. ECF Dkt. #5-14. Petitioner did not appeal the denial of the *Murnahan* application to the Ohio Supreme Court.

---

[2]*State v. Murnahan*, 689 N.E.2d 1021 (Ohio Ct.App.1992), appeal denied, 678 N.E.2d 1227 (Ohio 1997).

### E. 28 U.S.C. § 2254 Petition - 1:05CV2617

On November 8, 2005, Petitioner filed a *pro se* application for writ of habeas corpus pursuant to 28 U.S.C. Section 2254, in which he raised the following grounds for relief:

> 1. PETITIONER'S RIGHTS TO DUE PROCESS WERE VIOLATED WHEN THE TRIAL COURT REFUSED HIS REQUEST FOR A CONTINUANCE TO SECURE A WITNESS.
>
> 2. PETITIONER'S RIGHT TO DUE PROCESS OF LAW WAS VIOLATED IN BEING CONVICTED IN THE ABSENCE OF SUFFICIENT EVIDENCE.
>
> 3. PETITIONER'S RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF LAW WERE VIOLATED BY IMPROPER SENTENCING BY THE TRIAL COURT.
>
> 4. PETITIONER'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED WHERE COUNSEL FAILED TO MAKE REQUIRED OBJECTIONS AT TRIAL.

1:05CV2617, ECF Dkt. #1. On January 26, 2006, the Respondent, Margaret Bradshaw filed a return of writ. *Id.*, ECF Dkt. #8. On February 17, 2006, Petitioner filed his traverse to the return of writ. *Id.*, ECF Dkt. #12. On January 8, 2008, Magistrate Judge James S. Gallas issued a report recommending denial of the petition for writ of habeas corpus. *Id.*, ECF Dkt. #13. Petitioner filed objections to the report and recommendation. *Id.*, ECF Dkt. #16. On June 27, 2008, Judge Ann Aldrich adopted the report and recommendation, denied the petition, and denied a certificate of appealability. *Id.*, ECF Dkt. ##17,18. There was no further appeal from that Judgment.

### F. Motion for Issuance of Final, Appealable Order, Seeking Resentencing

On October 14, 2011, Petitioner filed in the trial court a *pro se* motion for issuance of a final, appealable order, seeking a *de novo* resentencing and appointment of counsel so that mandatory post-release control could be imposed. ECF Dkt. #5-16. The State filed its opposition to Petitioner's motion on November 3, 2011. ECF Dkt. #5-17. Petitioner filed a reply on November 18, 2011.ECF Dkt. #5-18.

On December 1, 2011, the court conducted a hearing on Petitioner's motion. ECF Dkt. #5-19. With court-appointed counsel, Petitioner consented to attend *via* videoconference. *Id.* That same date, the trial court issued a *nunc pro tunc* sentencing judgment as and for August 26, 2003, imposing the same sentence, but including the imposition of post-release control. ECF Dkt. #5-20.

On December 6, 2011, the trial court issued a *nunc pro tunc* entry by and for August 26, 2003, correcting a clerical error relating to Count Three. ECF Dkt. #5-21.

### G.  Direct Appeal from the Limited Resentencing Hearing Judgment Entry

On January 9, 2012, Petitioner, through trial counsel, filed an appeal in the Eighth District Court of Appeals that raised the following assignment of error:

> REGARDING FAILURE TO PROPERLY ADVISE OF POST-RELEASE CONTROL, THE COURT SHOULD RE-CONSIDER AND OVERRULE *STATE V. FISHER* AND RETURN TO THE STANDARD ENUNCIATED IN *STATE V. BEZAK*.

ECF Dk.t #5-24.  The State filed a brief in response. ECF Dk.t #5-25 On October 11, 2012, the Court of Appeals affirmed the trial court's judgment. ECF Dk.t #5-26, *State v. Braddy*, 2012-WL 4848992 (8th Dist.).

### H.  Supreme Court of Ohio

On November 15, 2012, Petitioner filed a timely *pro se* notice of appeal with the Ohio Supreme Court from the October 11, 2012 judgment. ECF Dkt. #5-28.  In his memorandum in support of jurisdiction filed that same date, Petitioner raised the following two propositions of law:

> 1. WHETHER DUE PROCESS IS IMPLICATED WHEN NEW JUDICIAL RULING(S) ARE APPLIED RETROACTIVELY TO A CASE THAT HAS BECOME FINAL, THE EFFECT OF WHICH IN ESSENCE (AND IN FACT) DEPRIVED APPELLANT OF A FULL AND FAIR SENTENCING HEARING. SEE: *HERNANDEZ V. KELLY*, 108 OHIO ST. 3D 395, AT: ¶23; *DUNCAN V. MISSOURI* (1894), 152 U.S. 377; AND *ROGERS V. TENNESSEE* (2001) 532 U.S. 451.
>
> 2. WHETHER APPELLANT WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL, WHERE APPOINTED COUNSEL FAILED TO RAISE A CLEAR AND OBVIOUS 'EX POST FACTO' ARGUMENT ON APPEAL AS OF RIGHT. SEE: *STATE V. MURNAHAN*, 63 OHIO ST. 3D. 60; *MCMANN V. RICHARDSON* __ U.S. __ (CITATION OMITTED); AND, *STRICKLAND V. WASHINGTON*, 466 U.S. 668.

ECF Dkt. #29.  On February 6, 2013, the Court declined to accept jurisdiction of the appeal because it did not involve a substantial constitutional question. ECF Dkt. #30.

### III.  28 U.S.C. § 2254 PETITION

The instant *pro se* petition was filed July 1, 2013. Petitioner presents the following two grounds for relief that challenge the constitutionality of the 2011 limited resentencing hearing for the imposition of post-release control:

> 1. DUE PROCESS IS OFFENDED WHERE, AS HERE, NEW JUDICIAL RULING ARE [SIC] APPLIED RETROACTIVELY AND IN VIOLATION OF THE STATE AND FEDERAL CONSTITUTION'S [SIC] PROHIBITION AGAINST 'EX POST FACTO' LAWS. SEE: *HERNANDEZ V. KELLY*, 108 OHIO ST. 3D 395, AT: ¶23; *DUNCAN V. MISSOURI* (1894), 152 U.S. 377; AND *ROGERS V. TENNESSEE* (2001) 532 U.S. 451.
>
> 2. WHERE APPOINTED APPELLATE COUNSEL OVER-LOOKED OR SIMPLY IGNORES CLEAR AND OBVIOUS REVERSIBLE ERROR(S) INVOLVING THE CONSTITUTIONAL PROHIBITION AGAINST RETROACTIVE OR EX POST FACTO LAW APPLICATIONS AND CLEAR JURISDICTIONAL ERRORS IMPLICATING TRIAL AND APPELLATE COURT JURISDICTION ON APPEAL AS OF RIGHT, SUCH DEFICIENT PERFORMANCE IMPLICATES THE SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS DEFINED IN AND UNDER: *STRICKLAND V. WASHINGTON*, 466 U.S. 668; AND, *MCMANN V. RICHARDSON* __ U.S. __ (CITATION OMITTED) AND MAY BE RAISED FOR THE FIRST TIME ON APPEAL TO THE STATE SUPREME COURT PURSUANT TO : *STATE V. MURNAHAN*, 63 OHIO ST. 3D. 60.

ECF Dkt. #1.

## IV. <u>PROCEDURAL BARRIERS TO REVIEW</u>

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993). However, the Supreme Court has also held that it would be in the interests of the parties and the courts for the merits of a petition to be addressed forthwith if it is clear that the applicant does not even raise a colorable federal claim. *Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Prather v. Rees*, 822 F.2d 1418, 1421-22 (6th Cir. 1987) (lack of exhaustion was properly excused where petition was plainly meritless, the state had not addressed exhaustion, and disposition of the case would not offend federal-state comity).

### A. <u>Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final. 28 U.S.C. §2244(d)(1). The AEDPA statute of limitations is not at issue in this case.

-7-

### B. Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993) cert. denied, 509 U.S. 907 (1993)(quotation omitted). In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C. **Procedural Default**

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v.Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

(1) whether the petitioner failed to comply with an applicable state procedural rule;

(2) whether the state courts actually enforced the state procedural sanction;

(3) whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

-9-

>   (4)   if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006). The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (appeal dismissed for lack of jurisdiction); *Richey*, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a

legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

> Simply stated, a federal court may review federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (*i.e.*, exhausted) or because they were not properly presented to the state courts (*i.e.*, were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004). The above standards apply to the Court's review of Petitioner's claims.

## V.  STANDARD OF REVIEW

The undersigned further recommends that the Court find that the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 1, 2013, well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for a writ of habeas corpus. The AEDPA provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)  resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a

-11-

> question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Further, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

- A. Decisions of lower federal courts may not be considered.

- B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.

- C. The state court decision may be overturned only if:

    1. It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

    2. the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

    3. 'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

    4. the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

- D. Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court

-12-

> concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'
>
> E. Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

> The United States Supreme Court has observed:
>
> Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in

> justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Harrington v. Richter,* __ U.S. __, 131 S.Ct. 770, 786-787 (2011).

## VI. ANALYSIS

### A. Ground One

DUE PROCESS IS OFFENDED WHERE, AS HERE, NEW JUDICIAL RULING ARE [SIC] APPLIED RETROACTIVELY AND IN VIOLATION OF THE STATE AND FEDERAL CONSTITUTION'S [SIC] PROHIBITION AGAINST 'EX POST FACTO' LAWS. SEE: *HERNANDEZ V. KELLY*, 108 OHIO ST. 3D 395, AT: ¶23; *DUNCAN V. MISSOURI* (1894), 152 U.S. 377; AND *ROGERS V. TENNESSEE* (2001) 532 U.S. 451.

In *State v. Jordan* (2004)*,* 104 Ohio St.3d 21, 817 N.E.2d 864, the Ohio Supreme Court held that any sentence imposed without notification of post-release control is contrary to law and void. The Ohio General Assembly enacted a statute, R.C. § 2929.191, effective July 11, 2006, which provides that a court that failed to advise a defendant about post-release control at the time of sentencing can conduct a hearing and then file a corrected judgment entry at any time before the defendant was released from prison. However, in *State v. Singleton* (2009), 124 Ohio St.3d 173, 920 N.E.2d 958, the Ohio Supreme Court refused to give retroactive effect to R.C. § 2929.191, holding instead that for criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose post-release control, trial courts must conduct a *de novo* sentencing hearing. *Singleton*, 124 Ohio St.3d at 180, 920 N.E.2d 958; see also *State v. Bezak* (2007), 114 Ohio St.3d 94, 868 N.E.2d 961, modified in part by *State v. Fischer* (2010), 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph two of the syllabus. In *State v. Barnes, supra*, the Ohio Supreme Court determined that resentencing to include statutorily-mandated periods of post-release control did not offend the Double Jeopardy Clause nor the Due Process Clause. The syllabus in *Bezak* was ultimately modified in *Fischer* to read that the new sentencing hearing to which a defendant is entitled under *Bezak* is limited to the proper imposition of post-release control.

It is well-established that state prisoners are required to exhaust available state remedies before they present their claims to a federal court in a habeas corpus petition. See 28 U.S.C. §2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established

appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845. Thus, to properly exhaust state remedies, a habeas petitioner must fairly present each of his or her claims to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir.2009).

Petitioner bears the burden of showing exhaustion. See *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994). Here, Petitioner's appeal to the Eighth District Court of Appeals sought the reversal of *State v. Fisher*, *supra,* but did not assert any constitutional violation, and, therefore, he failed to fairly present the constitutional claim in Ground One to the state appellate court. See *Onifer v. Tyszkiewicz*, 255 F.3d 313, 315 (6th Cir.2001) (holding that a petitioner has fairly presented his claims when he identifies the constitutional right that he claims has been violated and the particular facts which supported his claims to the state courts). Petitioner's appellate brief failed entirely to allege violations of the due process or ex post facto clauses. See ECF Dkt. #23. As a consequence, the claims asserted in Ground One were raised for the first time in his appeal to the Ohio Supreme Court.

Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). Applying *Castille*, the Sixth Circuit has repeatedly recognized that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. See *Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir.2011); *Thompson v. Bell*, 580 F.3d 423, 438 (6th Cir.2009); *Warlick v. Romanowski*, 367 F. App'x 634, 643 (6th Cir.2010); *Granger v. Hurt*, 215 F. App'x 485, 491 (6th Cir.2007); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir.1990); accord *Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir.1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir.1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir.1990). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. *Castille*, 489 U.S. at 351.

Petitioner did not raise his due process and ex post facto claims before the Ohio Court of Appeals. Because the claims were not raised there, they would be barred by the Ohio rule of *res*

-15-

*judicata*. *Lott v. Coyle*, 261 F.3d 594, 611-612 (6th Cir.2001), cert. denied, 534 U.S. 1147, 122 S.Ct. 1106, 151 L.Ed.2d 1001 (2002); *Rust*, 17 F.3d at 160-161; *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); *State v. Perry*, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus, ¶ 9). *Res judicata* would bar Petitioner from litigating an issue that could have been raised on direct appeal. *Perry*, 10 Ohio St.2d at 180, 226 N.E.2d at 108.

The Ohio rule of *res judicata* satisfies the first three factors in *Maupin*. See *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001). The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule. *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)).

Because Petitioner has not shown cause, it is unnecessary to consider the issue of prejudice. *Murray*, 477 U.S. at 494; *Shabazz v. Ohio*, 149 F.3d 1184, 1998 WL 384559, at *1 (6th Cir. June 18, 1998). Accordingly, the undersigned recommends that the Court find that the due process and ex post facto claims in Ground One have been procedurally defaulted.

Furthermore, although Petitioner argued ineffective assistance of appellate counsel, based upon his counsel's failure to raise the due process and ex post facto challenges on appeal, in his *Murnahan* application, the Sixth Circuit has held that a *Murnahan* application "cannot function to preserve the underlying substantive claim" for habeas review. *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir.2008) (internal quotation marks omitted); see also *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir.2012); *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir.2005). *Murnahan* proceedings permit criminal defendants to apply to reopen their appeals "based on a claim of ineffective assistance of appellate counsel." Ohio R.App. P. 26(B); see also Ohio Sup.Ct. Prac. R. 11.06. In his or her application, the defendant must identify "[o]ne or more assignments of error ... that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation." Ohio R.App. P.

26(B)(2)(c). The application will be granted if the court finds a "genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." Ohio R.App. P. 26(B)(5).

Once an application has been granted, the court will vacate its prior judgment and issue a new judgment if it concludes that counsel's performance was deficient and prejudiced the defendant. Ohio R.App. P. 26(B)(5) & (9). Thus, by the text of the Ohio rules, *Murnahan* proceedings allow defendants to re-open their appeals and raise new substantive claims only if their failure to raise these claims in the first instance was due to ineffective assistance of their appellate counsel. See *Wogenstahl*, 668 F.3d at 338. The Supreme Court of Ohio denied Petitioner's application to re-open his appeal, evidently finding that Petitioner had not made a threshold showing of ineffective assistance.

Petitioner did not fairly present the due process and ex post facto challenges to the state appellate court, nor did he preserve the claim through his *Murnahan* application. As a consequence, the undersigned recommends that the trial court find that Petitioner has procedurally defaulted his claim in Ground One.

Even assuming *arguendo* that Petitioner has fully exhausted the constitutional claims in Ground One, he has failed to articulate a violation of the Due Process and Ex Post Facto Clauses in this case. Article I, Section 9, clause 3 of the United States Constitution states, "No . . . ex post facto Law shall be passed."  The Ex Post Facto Clause prohibits any law which increases the punishment for a crime, or which produces a sufficient risk of increasing the punishment for a crime, beyond that prescribed when the crime was committed." *Kilbane v. Kinkela*, 24 F. App'x 241, 242 (6th Cir.2001) (citing *California Dep't of Corr. v. Morales*, 514 U.S. 499, 504 and 509, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995).

First, the Supreme Court has recognized that "[t]he Ex Post Facto Clause, by its own terms, does not apply to courts. Extending the Clause to courts through the rubric of due process ... would circumvent the clear constitutional text. It also would evince too little regard for the important institutional and contextual differences between legislating, on the one hand, and common law decisionmaking, on the other." *Rogers v. Tennessee*, 532 U.S. 451, 460, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001).

To some extent, however, "limitations on ex post facto judicial decisionmaking are inherent in the notion of due process." *Rogers*, 532 U.S. at 456. For instance, a court may not unexpectedly and indefensibly construe a criminal statute so as to criminalize conduct which had not been criminal prior to the court's new construction. *Bouie v. City of Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964) (due process violated where state, via judicial construction of a statute, punished for conduct that was not criminal when committed).

Here, Petitioner does not identify a law that increases the punishment for his crimes. He argues that, under *Bezak*, he would have been provided a *de novo* sentencing hearing, whereas, under *Fischer*, the resentencing hearing was limited to the imposition of post-release control. Simply stated, *Fischer* does not criminalize conduct nor does it expose Petitioner to the possibility of a greater sentence than the sentence originally imposed. Accordingly, the undersigned recommends that the Court find that Ground One is procedurally barred, or, in the alternative, that Ground One has no merit.

### B. <u>Ground Two</u>

WHERE APPOINTED APPELLATE COUNSEL OVER-LOOKED OR SIMPLY IGNORES CLEAR AND OBVIOUS REVERSIBLE ERROR(S) INVOLVING THE CONSTITUTIONAL PROHIBITION AGAINST RETROACTIVE OR EX POST FACTO LAW APPLICATIONS AND CLEAR JURISDICTIONAL ERRORS IMPLICATING TRIAL AND APPELLATE COURT JURISDICTION ON APPEAL AS OF RIGHT, SUCH DEFICIENT PERFORMANCE IMPLICATES THE SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS DEFINED IN AND UNDER: *STRICKLAND V. WASHINGTON*, 466 U.S. 668; AND, *MCMANN V. RICHARDSON* __ U.S. __ (CITATION OMITTED) AND MAY BE RAISED FOR THE FIRST TIME ON APPEAL TO THE STATE SUPREME COURT PURSUANT TO: *STATE V. MURNAHAN*, 63 OHIO ST. 3D. 60.

Claims of ineffective assistance of counsel are governed by the test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), under which "[a] defendant claiming ineffective assistance of counsel must show (1) that counsel's representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient performance prejudiced the defendant." *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000) (internal citation omitted). Because the Ohio Supreme Court did not explain the decision to deny Petitioner's claim of ineffective assistance of appellate counsel, the Court "must determine what arguments or theories ... could have supported[ ] the state court's decision; and then [the Court] must ask whether it is possible fairminded jurists could

-18-

disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington*, 131 S.Ct. at 786. The Ohio Supreme Court may have rejected Petitioner's claim of ineffective assistance of appellate counsel by concluding that Petitioner did not satisfy the deficient performance prong, the prejudice prong, or both.

First, insofar as the undersigned has recommended that the Court find that Ground One has no merit, the undersigned likewise recommends that the ineffective assistance of counsel claim predicated upon the alleged ex post facto violation fails to satisfy both the deficient performance prong and the prejudice prong of *Strickland*.

With respect to Petitioner's claim that the trial court was divested of jurisdiction after the entry of the 2003 judgment of conviction that did not include the imposition of post-release control, Petitioner offers no case law in support of his legal theory. In fact, pursuant to *Fischer*, the trial court conducted a limited re-sentencing hearing, where the Court provided notice of post-release control. As a consequence, the undersigned recommends that the Court find that Petitioner's argument based upon the lack of jurisdiction of the trial court during the limited re-sentencing hearing has no merit.

VII.  CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition in its entirety with prejudice and DISMISS the motion for oral evidentiary hearing, motion to grant writ, and/or motion to remand to state court, ECF Dkt. #7, as MOOT.


DATE: August 5, 2014                     */s/ George J. Limbert*
                                         GEORGE J. LIMBERT
                                         UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).