IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Chester Braddy, | Case No. 1:13 CV 1464 |
| Petitioner, | ORDER DENYING <u>HABEAS RELIEF</u> |
| -vs- | JUDGE JACK ZOUHARY |
| Jason Bunting, Warden, | |
| Respondent. | |

*Pro se* Petitioner Chester Braddy ("Braddy") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner is currently incarcerated in the Marion Correctional Institution, having been convicted of rape of a minor under thirteen, gross sexual imposition, rape, and child endangerment.

The State filed a Return of Writ, urging the Petition be denied (Doc. 5). This case was referred to Magistrate Judge Limbert, who recommends this Court deny the Petition (Doc. 10). Petitioner timely objected to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 11). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. §§ 636(b)(1)(B) & (C), this Court has reviewed the R&R *de novo*.

The R&R accurately recites relevant facts and procedural background, and this Court adopts that discussion in its entirety (*see* Doc. 10 at 2–6). Briefly, Braddy was convicted in the Cuyahoga County Court of Common Pleas for a variety of sex offenses in 2003. In 2011, Braddy filed a *pro se* motion for issuance of a final, appealable order. He hoped that, in the course of imposing a mandatory term of post-release control, the court of common pleas would re-sentence him *de novo*

on the underlying convictions. Instead, the state trial court imposed a *nunc pro tunc* sentence, effective as of 2003 and identical to the original sentence except for the addition of an adequately-explained period of post-release control.

In January 2012, Braddy appealed the state trial court's limited resentencing order. He presented one assignment of error: that the state court of appeals should overrule *State v. Fischer*, 112 Ohio St. 3d 92 (2010), and embrace an earlier approach that required *de novo* resentencing in a case like his. Having lost in the state court of appeals, Braddy sought discretionary review from the Ohio Supreme Court in November 2012. He raised due process and ineffective assistance of counsel claims. The Ohio Supreme Court declined jurisdiction over Braddy's appeal in February 2013.

Braddy's Petition contains two grounds of relief: (1) the state trial court's failure to engage in *de novo* re-sentencing violated the Ex Post Facto Clause and denied him due process; and (2) he received ineffective assistance of appellate counsel when appellate counsel refused to present the same Ex Post Facto Clause and due process arguments to the state court of appeals in 2012.

In objecting to the R&R, Braddy initially asserts that because the State failed to produce, as part of the Rule 5 materials in this case, "signed and properly filed jury verdicts," the R&R is "premature" because this Court cannot determine the "true cause of petitioner's detention" without the verdict forms (Doc. 11 at 2, 5). He argues his original conviction, along with all subsequent state court proceedings, are void because jury verdicts were not "properly filed and journalized pursuant" to R.C. §§ 2303.08, 2303.10, and Ohio Criminal Rule 32(C) (*id*. at 4).

Assuming for purposes of analysis that Braddy's jury-verdict argument has not been procedurally defaulted and is cognizable on federal habeas review, it fails on the merits. Ohio Criminal Rule 32(C) reads:

2

> A judgment of conviction shall set forth the fact of conviction and the sentence. Multiple judgments of conviction may be addressed in one judgment entry. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.

The State, as part of its Rule 5 materials, produced a journal entry that satisfies the Rule's requirements (*see* Doc. 5-2 at 1). *See also State v. Lester*, 130 Ohio St. 3d 303, 306 (2012).

This Court assumes for purposes of analysis that Braddy's Ex Post Facto, due process, and ineffective assistance of appellate counsel arguments are not procedurally defaulted, and are reviewed by this Court *de novo*. This Court adopts the R&R's reasoning rejecting those claims on the merits (Doc. 10 at 17–18).

Braddy objects to a change in Ohio caselaw that occurred during the period of his imprisonment. Braddy's original sentence was flawed, to the extent it failed to adequately explain his post-release control obligations (*see* Doc. 5-29 at 12). Prior to *Fischer*, that defect would have been corrected by *de novo* sentencing. *See State v. Bezak*, 114 Ohio St. 3d 94, 95 (2007). After *Fischer*, the post-release control defect could be corrected by entry of a *nunc pro tunc* sentence, imposing the same prison term as the one fixed in 2003, but with adequate explanation of Braddy's post-release control obligations.

The Ohio Supreme Court's adoption of *Fischer* and its application to Braddy did not violate the Ex Post Facto Clause or deny Braddy due process of law. *See Rogers v. Tennessee*, 532 U.S. 451, 456 (2001) (explaining that Ex Post Facto Clause "does not of its own force apply to the Judicial Branch" and that the Due Process Clause applies only to judicial decisions of a type not relevant here).

Because Braddy's Ex Post Facto and due process arguments are meritless, and because Braddy's ineffective assistance of appellate counsel claim depends solely on appellate counsel's failure to present Ex Post Facto and due process arguments to the state court of appeals in 2012, Braddy cannot show deficient performance from appellate counsel or prejudice. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984).

For these reasons, this Court overrules Petitioner's Objection (Doc. 11) and adopts the R&R to the extent noted above. The Petition (Doc. 1) is denied and this matter is dismissed pursuant to 28 U.S.C. § 2243. This Court denies the "Motion for oral evidentiary hearing, Motion to grant Writ and/or Motion to remand to State Court" (Doc. 7) as moot. Further, this Court finds no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Federal Appellate Rule 22(b).

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 29, 2014